

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

CESAR LEON, FRANCISCA NAVA, RAQUEL   )
RODRIGUEZ, GUADALUPE SIMENTAL,   )
NANCY SIMENTAL, individually and as mother  )
and next best friend of minors J.L., E.L., and E.L.,  )
   )
      Plaintiffs,   )   No. 09 C 4190
   )
      v.   )   The Honorable William J. Hibbler
   )
CITY OF CHICAGO and Chicago Police Officers  )
BILLY GONZALES, Star 12989,   )
NOE SANCHEZ, Star 6439,   )
MARY MARTIN, Star 12195,   )
ADALBERTO RAMOS, Star 14320,   )
DANIEL PRINTZ, Star 17347,   )
KATHLEEN MARINO, Star 8886,   )
JAMES MURRAY, Star 7825,   )
RAUL MORENO, Star 2223,   )
CARMEN LOPEZ, Star 9341, and   )
ROGELIO MARTINEZ, Star 17099,   )
   )
      Defendants.   )

## MEMORANDUM OPINION AND ORDER

Plaintiffs bring this suit against the City of Chicago and several Chicago police officers. They set forth claims under 42 U.S.C. § 1983, state law claims for intentional infliction of emotional distress, and claims against the City for indemnification and *respondeat superior* liability. Their Section 1983 claims allege that Defendants violated Plaintiffs' rights against unreasonable searches and excessive force under the Fourth Amendment as guaranteed against the states by the Fourteenth Amendment. Plaintiffs now move for summary judgment on their claims of an unconstitutional search. Defendants move for summary judgment on all claims. For the following reasons, the Court DENIES Plaintiffs' motion for summary judgment as to

Defendants Martinez and Lopez, but GRANTS it as to the remaining defendants. The Court GRANTS Defendants' motion as to Defendants Martinez and Lopez, but DENIES it as to the remaining defendants.

## I. Factual Background

The following relevant facts are undisputed.

On June 7, 2009, Defendant Gonzales applied for a warrant to search the first floor of 3811 West Diversey Avenue in Chicago. (Pl. Rule 56.1(a)(3) Statement (hereinafter "Pl. St.") ¶ 1.) In the complaint for the warrant, Gonzales stated that he had received information from an anonymous "John Doe" informant that Doe had purchased crack cocaine from an individual at that address. (Pl. St. ¶ 2.) Gonzales also stated in the complaint that he drove past the residence at that address and Doe pointed to and identified the building as the location where he purchased cocaine. (Pl. St. ¶ 3.) Also on June 7, a Cook County judge signed a search warrant authorizing the search of the first floor of 3811 W. Diversey Ave. (Pl. St. ¶ 4.)

On June 8, 2009, a team of officers, including all of the individual defendants, assembled to execute the search warrant. (Pl. St. ¶ 5.) However, they executed their search on 3815 West Diversey, the building next door to 3811. (Pl. St. ¶¶ 6-26.) The officers did not have a search warrant for 3815. (Pl. St. ¶ 8.) At the time, Plaintiffs lived in the building at 3815. (Pl. St. ¶ 7.) All of the Defendants initially approached the residence through the alley in the rear of the building. (Def. Rule 56.1(b)(3)(C) Statement of Add'l Facts (hereinafter "Def. Add'l St.") ¶ 11.) Defendant Sanchez used a sledgehammer to breach the rear door of the residence at 3815. (Pl. St. ¶ 6.) All of the remaining individual defendants except Lopez and Martinez then entered the residence. (Pl. St. ¶ 16; Def. Rule 56.1(a)(3) Statement (hereinafter "Def. St.") ¶¶ 27-28.) They all had their guns drawn. (Pl. St. ¶¶ 18-22.) After entering the apartment in the kitchen,

Defendants checked the bathroom and the bedrooms in the apartment on the first floor. (Def. St. ¶ 30.) None of the defendants entered the basement apartment. (Def. St. ¶ 41.)

Upon hearing the banging on the back door, Plaintiff Nancy Simental exited the basement apartment and went upstairs towards her minor children, J.L. and E.L. (Def. St. ¶ 47; Pl Rule 56.1(b)(3)(C) Statement of Add'l Facts (hereinafter "Pl. Add'l St.") ¶¶ 21 & 23.) One of the Defendants pointed a gun at Nancy Simental and said, "Don't move, or I'll shoot you." (Pl. Add'l St. ¶ 22.) Plaintiffs Nancy Simental and Cesar Leon asked the Defendants to put their guns away because children were present. (Pl. Add'l St. ¶ 24.) The Defendant repeated that he would shoot Nancy Simental. (Pl. Add'l St. ¶ 25.) One of the Defendants pointed a gun at the children. (Pl. Add'l St. ¶ 26.) Nancy then told her children to come with her and they returned to the basement apartment. (Def. St. ¶ 50.)

One of the Defendants also pointed a gun at Plaintiff Guadalupe Simental. (Def. St. ¶ 52.) One of the Defendants entered the bathroom while Plaintiff Nava was inside and told her not to move. (Def. St. ¶¶ 54-55.)

Both 3811 and 3815 are two-story red brick structures that look quite similar. (Pl. St. ¶¶ 25-26; Def. St. ¶ 7.) At the time, 3815 had large numbers on the front door indicating that the address was 3815. (Pl. St. ¶ 23.) Sometime after the officers' entry into the building, Defendant Lopez went around to the front of the residence. (Def. Add'l St. ¶ 17.) She then called Defendant Moreno on the radio and asked him to come out front. (Def. Add'l St. ¶ 20.) Moreno exited through the front door, and Lopez pointed out that the address on the residence did not match the warrant. (Def. Add'l St. ¶¶ 21-22.) Moreno then went back inside 3815 and ordered all of the officers out of the house. (Def. Add'l St. ¶ 24.) All of the Defendants then exited the

premises. (Def. Add'l St. ¶ 25.) They left the apartment a mess, with furniture overturned and

contents removed. (Pl. Add'l St. ¶ 27.)

## II. Standard of review

Summary judgment is appropriate when the "pleadings, the discovery and disclosure

materials on file, and any affidavits show that there is no genuine issue as to any material fact

and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The

moving party bears the initial burden of demonstrating there is no genuine issue of material fact,

and judgment as a matter of law should be granted in their favor. *Id.* Once the moving party has

met the initial burden, the non-moving party must offer more than a mere scintilla of evidence to

survive summary judgment. *Roger Whitmore's Auto. Servs. v. Lake County, Ill.*, 424 F.3d 659,

667 (7th Cir. 2005). The non-moving party must produce specific facts showing there is a

genuine issue of material fact, and that the moving party is not entitled to judgment as a matter of

law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S. Ct. 2505, 91 L. Ed. 2d 202

(1986). Finally, all evidence and inferences must be viewed in the light most favorable to the

non-moving party. *Id.* at 255.

## III. Analysis

The undisputed facts of this case are relatively straightforward. The defendant officers

obtained a warrant to search the first floor of 3811 West Diversey. They did not obtain a warrant

for 3815 West Diversey, Plaintiffs' home. Yet, on June 8, 2009, they broke into and searched

Plaintiffs' home, pointed guns at them, and threatened to shoot at least one of them.

Defendants argue that the facts of the case are somewhat more complicated and nuanced.

Essentially, Defendants claim that Plaintiffs' home at 3815 West Diversey was actually the

intended target of the search from the beginning. They allege that the John Doe informant

pointed out 3815 to Defendant Gonzales as the location where he bought cocaine. They contend that Gonzales erred when drafting the complaint for the warrant and the warrant itself, and mistakenly wrote 3811 West Diversey as the target. Gonzales then led the search team to the rear of 3815 West Diversey and, recognizing it from his trip with John Doe, identified it for his colleagues. However, due to a series of failures in briefing, Defendants have not properly presented these facts to the Court.

Defendants provide no valid support for their version of the facts. They cite only to their responses to Plaintiffs' requests for admissions and to Defendant Moreno's deposition for support. Rule 36 does provide that matter admitted in response to a request to admit is "conclusively established." Fed. R. Civ. P. 36(b). However, the statements Defendants cite are not admissions, but affirmative statements that are not responsive to the requests posed by Plaintiffs. For instance, Plaintiffs requested that Defendants admit that Defendant Gonzales stated in the complaint for the warrant that he received information from a John Doe informant about 3811 West Diversey. (Def. St. at Ex. B. ¶ 1.) This is unquestionably true, and the Defendants have since admitted it. (Def. Resp. ¶ 1.) Thus, the proper response from the Defendants would have been to admit this fact without caveat. Instead, Defendants responded by admitting the fact "in part" and then setting forth a number of additional allegations, including that Defendant Gonzales actually received information about 3815 West Diversey and mistakenly wrote 3811 in the complaint. (Def. St. at Ex. B. ¶ 1.) This may be true, but it is not an admission pursuant to Rule 36 and it is not established merely because it is present in a response to a Rule 36 request. By citing to this material, Defendants are offering their previous, improper, unsupported, and unsworn statement that these facts were true as proof that they are now true. This will not suffice. Nor will Defendant Moreno's claims about Defendant

Gonzales's intentions and John Doe's information. While affidavits and depositions may be offered in support of a motion for summary judgment, they must still be based on personal knowledge and set out facts that would be admissible in evidence. Fed. R. Civ. P. 56(c)(4). Defendant Moreno does not have personal knowledge about whether Defendant Gonzales intended to write 3811 or 3815 on the warrant and he did not meet with the John Doe informant. His statements are clearly inadmissible hearsay. For this reason, the Court strikes all of Defendants' statements indicating that the intended target of the search was actually 3815 West Diversey prior to the issuance of the warrant.

Not only did Defendant fail to provide support for their factual statements, however, they also repeated the mistakes they made in their response to Plaintiffs' requests for admissions in their submissions to the Court. Under Local Rule 56.1, a party moving for summary judgment must provide a statement of material facts as to which the party contends there is no genuine issue. LR 56.1(a)(3). The party opposing summary judgment must provide a concise response to each fact set forth in the movant's statement. LR 56.1(b)(3)(B). The response "is not the place for purely argumentative denials," *Malec v. Sanford*, 191 F.R.D. 581, 584 (N.D. Ill. 2000), nor is it the place for setting forth additional facts. A party opposing summary judgment has the opportunity to provide argument and additional facts in its response memorandum and its separate statement of additional material facts. LR 56.1(b). Here, Defendants once again failed to admit Plaintiffs' statement that the complaint for the warrant stated that John Doe informed Defendant Gonzales that he had purchased cocaine at 3811 West Diversey, even though that fact is undisputed. (Def. Resp. ¶ 2.) Instead, they objected to the statement for "fail[ing] to accurately represent the record," and affirmatively stated that John Doe actually referred to 3815 West Diversey and Defendant Gonzales erred in recording that information. (Def. Resp. ¶ 2.)

This response is argumentative and improper. It does not constitute a denial of the fact set forth by Plaintiffs, but rather a denial of the facts set forth in Defendant Gonzales's complaint for the warrant. Even if it was supported by evidence, which it is not, it would only have been proper in Defendants' statement of additional material facts. Defendants repeated this form of response throughout the document. In fact, they even objected to Plaintiffs' statement that a number of the Defendant officers entered 3815 West Diversey. (Def. Resp. ¶¶ 9-15.) Once again, they claimed that this was a misrepresentation of the record because the officers "entered the building located at 3815 W. Diversey...under the mistaken assumption that it was 3811 W. Diversey." (Def. Resp. ¶¶ 9-15.) For this reason the Court strikes paragraphs 2-3, 9-15, and 23-24 of Defendants' response to Plaintiffs' statement of facts in support of their motion, which represent almost half of the document. The Court similarly strikes paragraphs 1-3, 9-11, and 13 of Defendants' response to Plaintiffs' statement of additional facts in opposition to Defendants' motion.

Unfortunately, Defendants' missteps did not end with these procedural follies. Not only did Defendants provide the Court with innumerable improper and unsupported claims about Gonzales's purported intentions regarding the warrant in question, Defendants audaciously claimed that Plaintiffs actually admitted that their home was the intended target of the warrant. In support of this dubious claim, Defendants cited to the second page of Plaintiffs' memorandum in support of their motion for summary judgment. On that page, Plaintiffs explicitly stated that they "strongly dispute this *ex post facto* justification for the Defendant-Officers' unconstitutional actions." They then continued by arguing that even if the Court were to take Defendants' position that the warrant should have been issued for Plaintiffs' address as true, Plaintiffs were still entitled to summary judgment on their claim of an unconstitutional search. Defendants seem

to have seized on this admission, which was expressly made for the sake of argument, in order to garner support for their otherwise baseless claims. Their attempt to mislead the Court, especially in light of the plethora of errors compiled above, is offensive. Thus, along with its order resolving the instant motions for summary judgment, the Court orders Defendants' counsel to show cause why they should not be subject to sanctions under Rule 11. *See* Fed. R. Civ. P. 11(c)(3).

Having dispensed with the unpleasant business of sorting through Defendants' various statements of facts and responses, the Court turns once again to the legal issues presented by these motions. As stated above, the undisputed facts in this case are quite simple. Defendants searched a home for which they did not have a warrant. Absent exigent circumstances, the Fourth Amendment prohibits the police from intruding on a person's home without a warrant. *Payton v. New York*, 445 U.S. 573, 589-90, 100 S. Ct. 1371, 1382, 63 L. Ed. 2d 639 (1980) (citing *Silverman v. United States*, 365 U.S. 505, 511, 81 S. Ct. 679, 683, 5 L.Ed.2d 734). Defendants do not point to any exigent circumstances in this case. Defendants do note that technical errors are not enough to invalidate a search warrant. *See, e.g., United States v. Johnson*, 26 F.3d 669, 694 (7th Cir. 1994). However, as discussed above, there is no evidence in this case that the warrant contained any errors. Instead, the evidence shows that officers erred by searching the wrong house. This mistake might not amount to a constitutional violation if "the officers' conduct was consistent with a reasonable effort to ascertain and identify the place intended to be searched within the meaning of the Fourth Amendment." *Maryland v. Garrison*, 480 U.S. 79, 88, 107 S. Ct. 1013, 1018-19, 94 L. Ed. 2d 72 (1987). However, in this case, the officers did not even make the effort to look at the prominently displayed address on the front of the house. The fact that they approached the house from the rear does not excuse the mistake.

Because the officers failed to make a reasonable effort to ensure that they were searching the correct home, the Court finds that the officers that entered Plaintiffs' home are liable for violating Plaintiffs' Fourth Amendment rights against unreasonable search. The Court therefore grants Plaintiffs' motion as to Defendants Gonzales, Sanchez, Martin, Ramos, Printz, Marino, Murray, and Moreno.

Defendants' arguments regarding Plaintiffs' excessive force and intentional infliction of emotional distress claims are all based on the premise that officers are entitled to use force and defend themselves in the execution of a search warrant for drugs. Because that premise is unfounded, as Defendants were not properly executing a warrant, Defendants' arguments fail. Similarly, Defendants move for summary judgment on the indemnification and *respondeat superior* claims because those counts cannot stand if Plaintiffs' other claims are dismissed. As a result, the Court denies Defendants' motion as to each of Plaintiffs' counts, subject to the following exception.

Defendants Martinez and Lopez never entered Plaintiffs' home, and never drew their guns. There is no indication that they are potentially responsible for the search as supervisors. Thus, Plaintiffs are unable to show that they were personally responsible for depriving Plaintiffs' of their rights. Without such a showing, Plaintiffs cannot succeed on their search claims of constitutional violations by Martinez and Lopez. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). Nor can Plaintiffs prove that Martinez and Lopez caused them emotional distress. The Court therefore denies Plaintiffs' motion and grants Defendants' motion as to those two officers.

### *CONCLUSION*

For the above reasons, the Court DENIES Plaintiffs' motion for partial summary judgment as to Defendants Martinez and Lopez, but GRANTS it as to the remaining defendants. The Court GRANTS Defendants' motion for summary judgment as to Martinez and Lopez, but DENIES it as to the remaining defendants. The Court also orders Defendants' counsel to appear and show cause why they should not be sanctioned under Rule 11.

IT IS SO ORDERED.

_10/3/11_
Dated

Hon. William J. Hibbler
United States District Court