UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CESAR LEON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | No. 09 C 4190 |
| | ) | |
| vs. | ) | Judge William J. Hibbler |
| | ) | Magistrate Judge Susan E. Cox |
| CITY OF CHICAGO et al., | ) | |
| | ) | |
| Defendants. | ) | |

**COUNSEL'S RESPONSE TO RULE TO SHOW CAUSE**

NOW COMES S. Ann Walls, Counsel for Defendants, and in response to this Court's order to show cause dated October 3, 2011, responds as follows:

Counsel sincerely apologizes to the Court for any offense caused by her briefing on summary judgment in this case. Counsel did not intend to offend or mislead the Court. Indeed, Counsel strives, at all times, to accurately and succinctly brief issues presented to the Court. On review of the briefing in this matter, however, Counsel recognizes that the offending sentence was poorly worded and caused unintentional confusion. As explained below, Counsel submits that she acted in good faith in drafting Defendants' Memorandum In Opposition to Plaintiffs' Motion for Summary Judgment and supporting documents (Dkt. Nos. 70-72), did not intend to offend or mislead the Court, did not intend to cause confusion or undue work for the court, and did not otherwise engage in sanctionable conduct.

In its memorandum opinion and order dated October 3, 2011, this Court identified as misleading and offensive a sentence on page four of Defendants' opposition to Plaintiffs' motion for summary judgment: "Plaintiffs appear to concede that their residence at 3815 West Diversey

1

was the target of the search warrant at issue in this case. (*See* Pl.'s Mot. Summ. J. at 2.)" The Court found that Counsel had seized on an admission made by Plaintiffs solely for the sake of argument and used it in a manner that was designed to mislead the Court. Counsel respectfully states that this was not her intent.

Counsel wrote the sentence identified as offensive as the topic sentence of an issue-framing paragraph. By this sentence, Counsel was attempting to frame the issue addressed in the remaining paragraphs of Defendants brief in light of Plaintiffs' argument that the search warrant at issue in this case was void for particularity. As the Court noted, in crafting this sentence, Counsel considered Plaintiffs' statement that accepted, as true for the sake of argument, Defendants' position that the warrant should have been issued for Plaintiffs' residence. Counsel also considered that Plaintiffs presented no evidence to dispute what Defendant Gonzales observed at the rear of the residence. Instead, Plaintiffs quoted case law providing that "[t]he validity of the warrant must be assessed on the basis of the information that the officers disclosed, or had a duty to discover and to disclose, to the issuing magistrate" and argued only that Defendants should have walked around the residence to look at the numbers on the front of the house before applying for the warrant. (Pls.' Mot. Summ. J. at 2-3.) Realizing that Plaintiffs' argument could be read in different ways by different people, Counsel attempted to qualify the sentence by stating that "Plaintiffs *appear* to concede . . ." (Defs' Opp'n at 4 (emphasis added).) Counsel recognizes on review of the briefing that (1) the sentence did not adequately articulate the reasons for Defendants' interpretation of Plaintiffs' argument, and (2) that the citation merely to page two of Plaintiffs' motion for summary judgment was too narrow and could cause confusion.

Like Plaintiffs' statement that "even taking as true the Defendants' position that the warrant should have been issued for Plaintiffs' address rather than 3811 West Diversey . . ." (Pls.' Mot. Summ. J. at 2) was made purely for the sake of argument, Defendants' statement that "Plaintiffs appear to conceded that their residence at 3815 West Diversey was the target of the search warrant at issue in this case" (Defs.' Opp'n at 4) was purely an attempt to frame the issue presented to the Court, from Defendants' perspective. Counsel did not rely on the statement as dispositive to any issue before the Court. Counsel also did not submit the statement as a material fact in support of the arguments presented in section II of Defendants' opposition. (*See* Defs.' Opp'n at 4-8.) Counsel did not intend to mislead the Court and apologizes for any confusion caused by her composition.

In its memorandum opinion and order, the Court also characterized the arguments following Counsel's inartful sentence as "baseless claims." (10/3/11 Mem. Op. & O. at 8.) Counsel submits that the arguments set forth in section II of Defendants' opposition were not baseless. Defendants submitted a Local Rule 56.1 statement of facts in support of their motion for summary judgment and what they believed in good faith to be sufficient evidence to support each factual contention. (Dkt. No. 66.) Defendants submitted similar documents in opposition to Plaintiffs' motion for summary judgment. (Dkt. Nos. 70, 72.) In support of the factual contentions contained in Defendants' Local Rule 56.1 statements, Defendants relied primarily on their responses to Plaintiffs' requests to admit. Defendants believed that it was appropriate to rely on their responses to Plaintiffs' requests to admit because this Court had previously denied Plaintiffs' motion to strike the responses, stating that the responses "are effective at this point" (*see* 3/3/2011 Hr'g Tr. at 5, attached as Ex. A), and because the responses contained affirmative statements by Defendant Gonzales based on his personal knowledge of the facts in this case,

signed by his attorney under penalty of sanction. Defendants have since learned that the Court considered the statements submitted by Defendant Gonzales in Defendants' responses to Plaintiffs' requests to admit to be "improper" (*see* 10/03/11 Mem. Op. & O. at 5) and insufficient to support summary judgment.[1] Defendants respectfully submit that the arguments in section II of their opposition to summary judgment are not rendered baseless merely because the Court found on review of Defendants' summary judgment submissions that some of Defendants' factual contentions were technically unsupported. The arguments were made in good faith at the time and, Defendants believed, properly supported.

Finally, the Court also identified technical errors in Defendants' Response to Plaintiffs' Local Rule 56.1 Statement of Facts. These errors were carried over to Defendants' Reply to Plaintiffs' Local Rule 56.1 Statement of Additional Facts. Local Rule 56.1 provides that a party opposing summary judgment must provide "a concise response to the movant's statement that shall contain . . . a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon . . . ." L.R. 56.1(b)(3).

Counsel submits that, at the time she submitted Defendants' response to the Court, she believed that she was in compliance with Local Rule 56.1. Counsel has used an approach similar to the one employed in this case in several prior summary judgments in this district and has never been reprimanded for a failure to comply with Local Rule 56.1. In this case, as distinct from some of her other briefing, Counsel included objections in an abundance of caution so as to

---

[1] Defendants recognize that Plaintiffs' motion to strike Defendants' responses to Plaintiffs' Requests to Admit was based on timeliness. The form of the responses was not addressed in Plaintiffs' motion. Nevertheless, Defendants had no reason to believe, following this Court's ruling on Plaintiffs' motion to strike, that the responses were deficient in form.

avoid waiver. Counsel does not suggest that her technical form in responding to summary judgment is perfect or even acceptable to this Court. Indeed, the Court has made clear that Counsel's form is unacceptable. Counsel takes the Court's comments seriously and has closely reviewed the briefing in this case. Based on that review, Counsel understands how she could have clarified her responses for the Court, especially given the complexity of briefing on cross-motions for summary judgment. Counsel intends to employ the Court's comments in her future briefing.

Counsel acknowledges that her summary judgment briefing caused this Court extra work and apologizes for the inconvenience. Counsel further apologizes for any offense she may have caused the Court. Counsel proceeded at all times in good faith and never intended to burden or mislead the Court. Accordingly, Counsel will respectfully appear before the Court to show cause on October 20, 2011, at 9:45 a.m.

Respectfully submitted,

/s/ S. Ann Walls

Andrew M. Hale
Avi T. Kamionski
Shneur Nathan
Jonathan M. Boulahanis
S. Ann Walls
Andrew M. Hale & Associates, LLC
53 W. Jackson Boulevard
Suite 1800
Chicago, Illinois 60604
(312) 341-9646