UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CESAR LEON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | No. 09 C 4190 |
| | ) | |
| vs. | ) | Judge William J. Hibbler |
| | ) | Magistrate Judge Susan E. Cox |
| CITY OF CHICAGO et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO RECONSIDER**

Defendants City of Chicago and Chicago Police Officers Billy Gonzales, Noe Sanchez, Mary Martin, Adalberto Ramos, Daniel Printz, Kathleen Marino, James Murray, and Raul Moreno (collectively, "Defendants" or "the defendant police officers"), by and through their undersigned attorneys, request that this Court reconsider its grant of summary judgment in favor of Plaintiffs and against Defendants on Plaintiffs' unlawful search claim. In support of their motion, Defendants state as follows:

**Background**

This case was brought by Plaintiffs under 42 U.S.C. § 1983 and arises from the defendant police officers' entry into Plaintiffs' home at 3815 West Diversey during the execution of a search warrant. According to Plaintiffs, Defendants unlawfully entered the home because the search warrant listed the address to be searched as 3811 West Diversey, not 3815 West Diversey. According to Defendants, the target of the search warrant was, in fact, the residence at 3815 West Diversey and so the address listed on the search warrant represented a technical error that did not necessarily invalidate the search warrant.

On October 3, 2011, this Court entered summary judgment in favor of Plaintiffs and against certain of the defendant police officers on Plaintiffs' unlawful search claim. (*See* Dkt.

No. 87, 10/3/2011 Mem. Op. & O.) The judgment arose as a result of the Court's consideration of the parties' cross-motions for summary judgment. Specifically, Defendants moved for summary judgment against Plaintiffs on Plaintiffs' two federal claims—unlawful search and excessive force—and three state-law claims. (*See* Dkt. No 65.) The Court granted Defendants' motion as to Defendants Lopez and Martinez[1] and denied the motion as to the remaining defendants. (*See* Dkt. No. 87, 10/3/2011 Mem. Op. & O. at 9.) Plaintiffs moved for summary judgment against Defendants on the unlawful search claim only. (*See* Dkt. No. 61.) The Court granted Plaintiffs' motion against defendants Gonzales, Sanchez, Martin, Ramos, Printz, Marino, Murray, and Moreno, finding Defendants liable for violating Plaintiffs' Fourth Amendment rights as a result of an unlawful search of Plaintiffs' home. (*See* Dkt. No. 87 at 9.)

In reaching its decision, the Court made two key findings that facilitated entry of summary judgment against Defendants. First, the Court found that "Defendants provide[d] no valid support for their version of the facts." (*See* Dkt. No. 87, 10/3/2011 Mem. Op. & O. at 5.) The Court therefore struck "all of Defendants' statements indicating that the intended target of the search was actually 3815 West Diversey prior to the issuance of the warrant." (*Id.* at 6.) Second, the Court found it undisputed that, "At the time, 3815 had large numbers on the front door indicating that the address was 3815." (*Id.* at 3, *see also id.* at 8).

Defendants now move for reconsideration of the Court's ruling on Plaintiffs' motion for summary judgment.

**Legal Standard**

The district court may reconsider its interlocutory orders any time before entry of final judgment. Fed. R. Civ. P. 54(b); *see Hakim v. Accenture U.S. Pension Plan*, ___ F. Supp. 2d

---

[1] Defendants Lopez and Martinez do not join in this motion to reconsider because they are no longer defendants in this action. *See* Dkt. No. 87, 10/3/2011 Mem. Op. & O. at 9.

2

___, 2011 WL 4553022, at * 1 (N.D. Ill. Sept. 29, 2011) (citing *Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 12 (1983); *Sims v. EGA Prods. Inc.,* 475 F.3d 865, 870 (7th Cir. 2007)). Reconsideration of an interlocutory order is appropriate to correct a manifest error of law or fact. *Id.* (citing *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996)). A manifest error of law or fact arises from, among other things, the "misapplication[] or failure to recognize controlling precedent." *Id.* (quoting *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000)).

## Argument

Reconsideration is appropriate in this case because the Court made two manifest errors of law or fact. First, the Court erroneously concluded that the statements contained in Defendants' responses to Plaintiffs' requests to admit did not provide valid support for Defendants' version of the facts and so struck all of Defendants' facts identifying 3815 West Diversey as the actual target of the search warrant. Second, as the non-moving party on Plaintiffs' motion for summary judgment, Defendants were entitled to but did not receive the benefit of having the facts and inferences construed in a light most favorable to them. The Court therefore erroneously concluded (i) that the residence at 3815 West Diversey was not the actual target of the search warrant and (ii) that no dispute existed concerning whether the numbers "3815" were clearly marked on the front of Plaintiffs' home. Based on these findings, the Court granted summary judgment in favor of Plaintiffs and against Defendants.

**I.     THE STATEMENTS CONTAINED IN DEFENDANTS' RESPONSES TO PLAINTIFFS' REQUESTS TO ADMIT ARE SUFFICIENT TO SUPPORT DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT.**

In its Memorandum Opinion and Order, the Court concluded that Defendants failed to provide valid support for their version of the facts concerning events leading up to the issuance

3

of the search warrant, in large part, because Defendants relied on qualifying statements contained in their responses to Plaintiffs' requests to admit to support their facts. (*See* Dkt. No. 87, 10/3/2011 Mem. Op. & O. at 5-6.)[2] In particular, the Court found that the statements concerning Defendant Officer Gonzales' conduct in obtaining the search warrant were "not an admission pursuant to Rule 36" and the facts concerning Defendant Gonzales' conduct were "not established merely because [they are] present in a response to a Rule 36 request." (*Id.* at 5.) The Court continued: "By citing to this material, Defendants are offering their previous, improper, unsupported, and unsworn statement that these facts were true as proof that they are now true. This will not suffice." (*Id.*) Defendant Gonzales' statements in Defendants' responses to Plaintiffs' requests to admit, however, should have been given the same weight as a party's sworn statement.

      **A.**    **The Statements Contained In Defendants' Responses to Plaintiffs' Requests To Admit Were Based On Defendant Gonzales' Personal Knowledge And Should Be Considered The Equivalent Of Sworn Testimony.**

Rule 56(c) provides in pertinent part:

> **Supporting Factual Positions.** A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to *particular parts of materials in the record*, including depositions, *documents*, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, *or other materials* . . . .

Fed. R. Civ. P. 56(c)(1)(A) (emphasis added). "A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2).

---

[2] Although the discussion at pages five and six of the Court's order is directed to the statements of fact submitted with Defendants' Motion for Summary Judgment (Dkt. No. 66), the analysis applies equally to Defendants' L.R. 56.1 Statement of Additional Facts submitted in opposition to Plaintiff's motion for summary judgment (Dkt. No. 72).

4

> 1. **The statements in Defendants' responses to Plaintiffs' requests to admit are supported by Defendant Gonzales' personal knowledge.**

The statements contained in Defendants' responses to Plaintiffs' requests to admit concerning the identity of the target of the search warrant are based on Defendant Gonzales' personal knowledge and would be the subject of Defendant Gonzales' live testimony at trial. In Defendants' responses to Plaintiffs' requests to admit, counsel identified the statements attributable directly to Defendant Gonzales as: "Defendant Gonzales states . . . ." or "Defendant Gonzales further states . . . ." (*See* Ex. A, Defs' Resp. to Pls.' Requests to Admit ¶¶ 2, 3.) Defendant Gonzales is competent to testify at trial as to (1) his personal interactions with the confidential informant that identified narcotics activity occurring at 3815 West Diversey; (2) his observation and identification of the rear of the target premises; and (3) his mistake regarding the recording of the address of the target premises on the complaint for the search warrant and on the warrant itself. Defendant Gonzales' qualifying statements therefore are supported by personal knowledge and can be presented in a form that would be admissible in evidence.

> 2. **The statements in Defendants' responses to Plaintiffs' requests to admit should have been treated like sworn testimony.**

Responses to requests to admit historically have been treated as the equivalent of sworn testimony. For instance, prior to amendment of the Federal Rules of Civil Procedure in 1970, the Seventh Circuit held that "[a]dmissions under Rule 36 stand in the same relation to the case that sworn evidence bears." *Dorsey v. Reconstruction Fin. Corp.*, 197 F.2d 468, 472 (7th Cir. 1952); *see also Williams v. Howard Johnson's Inc.*, 323 F.2d 102, 105 n.9 (4th Cir. 1963) (same). Other courts that considered the issue expanded on this principle and concluded that *responses* to requests to admit should be treated as sworn testimony:

> [I]t must be realized that requested admissions and responses thereto are not pleadings and are not governed by the rules applicable to pleadings, but rather are a part of the proof and are to be treated on an equality with sworn testimony . . . .

*Dulansky v. Iowa-Ill. Gas & Elec. Co.*, 92 F. Supp. 118, 122 (S.D. Iowa 1950); *see Sieb's Hatcheries, Inc. v. Lindley*, 13 F.R.D. 113, 119 (W. D. Ark. 1952) (same); *see also Ark-Tenn Distrib. Corp. v. Breidt*, 209 F.2d 359, 360 ("[A]dmissions or denials in response to a request for admissions stand in the same relation to the case that sworn testimony bears."). Rule 36 also provides that responses to requests to admit must be signed by the party or its attorney. Fed. R. Civ. P. 36(a)(3).

The 1970 amendments to Rule 36 added language expressly making matters admitted under Rule 36 binding on the party making the admission. Fed. R. Civ. P. 36(b); *see also* Wright & Miller, 8B Fed. Prac. & Proc. § 2264 (3d ed.) (explaining evolution of Rule 36 and stating that "an admission should ordinarily be binding on the party who made it"). This amendment to Rule 36 did not change, but sought to codify, the common law principle that matters contained in responses to requests to admit are binding on the party providing the response. *See* Wright & Miller, 8B Fed. Prac. & Proc. § 2264. Thus, the types of matters to which a party may be bound in a Rule 36 response appears to include express admissions as well as denials and qualifying statements. *See, e.g., Dulansky*, 92 F. Supp. at 122 (explaining that responses to requests to admit are equivalent to sworn testimony); *Sieb's Hatcheries, Inc.*, 13 F.R.D. at 119 (same).

  **3. The statements in Defendants' responses to Plaintiffs' requests to admit are sufficient to defeat summary judgment.**

The Supreme Court explained in *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986), that a party opposing summary judgment need not "produce evidence in a form that would be admissible at trial in order to avoid summary judgment." The Court continued: "Rule 56 does not require the nonmoving party to depose her own witnesses. Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c)." *Id.* Rule 56(c) provides that:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to *particular parts of materials in the record*, including depositions, *documents*, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, *or other materials* . . . .

Fed. R. Civ. P. 56(c)(1)(A) (emphasis added). The key inquiry is whether the facts submitted by the party opposing summary judgment would be admissible at trial and whether the opposing party can provide evidentiary support at trial for those facts. *See id.* at 324-27.

In opposition to Plaintiffs' motion for summary judgment, Defendants cited to statements made by Defendant Gonzales in response to Plaintiffs' requests to admit. Defendant Gonzales' statements concerned the identify of the target of the search warrant and the error made by Defendant Gonzales in recording the address of the target residence on the complaint for the search warrant as well as on the warrant itself. (*See* Ex. A, Defs.' Resp. to Pls.' Requests to Admit ¶¶ 2, 3.) The Court struck the facts supported by Defendant Gonzales' statements because the Court considered the statements "improper, unsupported, and unsworn." (*See* Dkt. No. 87, 10/3/2011 Mem. Op. & O. at 5.) The statements contained in Defendants' responses to Plaintiffs' requests to admit were, however, attributed to Defendant Gonzales and were based on information gathered by Defendant Gonzales in preparation for obtaining the search warrant, Defendant Gonzales' personal observation of the target residence, and Defendant Gonzales' personal knowledge of his conduct in applying for the search warrant. Thus, the facts contained in those statements would be admissible at trial through Defendant Gonzales' live testimony.[3]

---

[3] While "a party may not utilize its own admissions at the trial," Wright & Miller, 8B Fed. Prac. & Proc. § 2264, and one district court has concluded that a party may not use its own responses to a request to admit as the basis for obtaining summary judgment in its favor, *see Thorp Sales Corp. v. Dolese Bros. Co.*, 453 F. Supp. 196 (W.D. Okla. 1978), those are not the purposes for which Defendants seek to use their responses at this juncture. At this time, Defendants submit their responses to Plaintiffs' requests to admit for the sole purpose of defeating summary judgment. (*See* Dkt. No. 72.) Defendants also submitted their responses to Plaintiffs' requests to

7

The fact that the statements were not presented in the form of deposition testimony, an affidavit, or a declaration, should not be dispositive to the Court's consideration of the facts supported by the statements because the statements are binding on Defendant Gonzales and serve a purpose similar to the deposition testimony or affidavit of a party. That is, Defendant Gonzales could not use the statements in lieu of live testimony at trial but there is little doubt that the statements could be used to impeach Defendant Gonzales should his testimony at trial vary from the statements. Thus, although the statements are not "admissions" inasmuch as they do not conclusively establish the fact asserted by Plaintiffs in the request to admit, the statements nevertheless demonstrate that Defendants can produce at trial evidentiary support for the facts asserted in the statements. The statements therefore should have been considered in opposition to Plaintiffs' motion for summary judgment.

**B.     Alternatively, The Court Should Allow Defendants To Submit Defendant Gonzales' Affidavit In Support Of Summary Judgment.**

Defendants submitted a Local Rule 56.1 statement of additional facts in support of their motion for summary judgment and what they believed in good faith to be sufficient evidence to support each factual contention. (*See* Dkt. Nos. 72.) In support of the factual contentions contained in Defendants' Local Rule 56.1 statement of additional facts, Defendants primarily relied on their responses to Plaintiffs' requests to admit in lieu of an affidavit by Defendant Gonzales. Defendants believed that it was appropriate to rely on their responses to Plaintiffs' requests to admit because this Court had previously denied Plaintiffs' motion to strike the responses, stating that the responses "are effective at this point." (*See* Ex. B, 3/3/2011 Hr'g Tr.

---

admit in support of their motion for summary judgment (*see* Dkt. No. 66), but Defendants have not requested reconsideration of the Court's ruling on that motion.

at 5.)[4] Defendants have since learned that the Court considered the statements submitted by Defendant Gonzales in Defendants' responses to Plaintiffs' requests to admit to be insufficient to support Defendants' facts at summary judgment. (*See* Dkt. No. 87, 10/03/11 Mem. Op. & O. at 5.)

Rule 56 provides that, "[i]f a party fails to properly support an assertion of fact . . . the court may: (1) give an opportunity to properly support or address the fact." Fed. R. Civ. P. 56(e)(1). Attached as Exhibit C to this motion to reconsider is a declaration signed by Defendant Gonzales. In the affidavit, Defendant Gonzales states, in pertinent part, that (i) on June 7, 2009, he received information from a John Doe, who had purchased crack-cocaine from an individual named "Little"; (ii) the John Doe identified the rear of 3815 West Diversey as the place where he had purchased crack-cocaine from "Little"; (iii) Defendant Gonzales applied for a search warrant and mistakenly wrote 3811 West Diversey on the complaint for search warrant and the warrant itself; and (iv) the building identified by the John Doe was 3815 West Diversey. (*See* Ex. C, Decl. of B. Gonzales ¶¶ 2-9.) Defendants submit the affidavit to correct the technical failure of proof the Court identified in its October 3, 2011 Memorandum Opinion and Order. With this submission, Defendants request that, in the interest of justice, this Court reconsider its decision to "strike[s] all of Defendants' statements indicating that the intended target of the search was actually 3815 West Diversey prior to the issuance of the warrant."

## II. THE FACTS AND INFERENCES, VIEWED IN A LIGHT MOST FAVORABLE TO DEFENDANTS ARE SUFFICIENT TO DEFEAT SUMMARY JUDGMENT.

Federal Rule of Civil Procedure 56(c) provides that summary judgment is proper where the documents, depositions, answers to interrogatories, and admissions on file, together with the

---

[4] Defendants recognize that Plaintiffs' motion to strike Defendants' responses to Plaintiffs' Requests to Admit was based on timeliness. The form of the responses was not addressed in Plaintiffs' motion. Nevertheless, Defendants had no reason to believe, following this Court's ruling on Plaintiffs' motion to strike, that the responses were deficient in form.

9

affidavits, if any, "show that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). To determine whether there is a genuine issue of material fact, the court "must construe the facts and draw all reasonable inferences in the light most favorable to the nonmoving party." *Foley v. City of Lafayette*, 359 F.3d 925, 928 (7th Cir. 2004). To avoid summary judgment, the opposing party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248.

> **A.   When Viewed In A Light Most Favorable To Defendants, A Jury Could Find That Defendant Gonzales Made A Technical Error In Completing The Paperwork For The Search Warrant And That 3815 West Diversey Was The Actual Target Of The Warrant.**

In its Memorandum Opinion and Order, this Court set forth the version of events submitted by Defendants as follows:

> [Defendants] allege that the John Doe informant pointed out 3815 to Defendant Gonzales as the location where he bought cocaine. They contend that Gonzales erred when drafting the complaint for the warrant and the warrant itself, and mistakenly wrote 3811 West Diversey as the target. Gonzales then led the search team to the rear of 3815 West Diversey and, recognizing it from his trip with John Doe, identified it for his colleagues.

(Dkt. No. 87, 10/3/2011 Mem. Op. & O. at 4-5.) The Court then found that "due to a series of failures in briefing, Defendants have not properly presented these facts to the Court." (*Id.* at 5.)

As discussed above, Defendants presented facts in opposition to Plaintiffs' motion for summary judgment that have sufficient evidentiary support to defeat summary judgment. (*See* I., *supra*; *see also* Dkt. No. 72, Defs. L.R. 56.1 Stmt. of Add'l Facts.) Plaintiffs did not reply to Defendants' submissions nor did Plaintiffs present facts disputing Defendant Gonzales' observations or conduct. Plaintiffs merely stated in their own motion for summary judgment that

10

they "strongly dispute this *ex post facto* justification" for Defendants' entry into their home. (Dkt. No. 61, Pls.' Mot. for Summ. J. at 2.) The facts surrounding Defendant Gonzales' investigation prior to issuance of the search warrant therefore are not properly disputed.

If Defendant Gonzales' observations and conduct are considered in a light most favorable to Defendants, a jury could reasonably conclude that Defendant Gonzales made a technical error in completing the complaint for search warrant and the warrant, itself, and that 3815 West Diversey was the actual target of the warrant. The warrant therefore would have been valid, *see United States v. Johnson*, 26 F.3d 669, 694 (7th Cir. 1994) ("Mere technical errors in particularity are not enough to invalidate a search warrant"), and as Defendants have maintained, no Fourth Amendment violation occurred when Defendants entered Plaintiffs' home. (*See* Dkt. No. 71, Defs.' Opp. to Summ. J. at 4-8.)

Moreover, even if the Court considers only the facts it believed were properly before it on summary judgment, a jury could conclude that the warrant contained a technical error and that 3815 West Diversey was the actual target of the warrant. Specifically, in their Local Rule 56.1 statement of additional facts, Defendants submitted the following concerning their entry into Plaintiffs' home:

10. The search warrant team, including all of the Defendants, gathered to plan the execution of the search warrant and discussed the following: each person's assignments, safety measures, risks of seeing anyone with a gun, communication, where they were going to stop the vehicles, and that crack-cocaine or other narcotics were the items to be searched for.

11. The search warrant team, including all of the Defendants, approached the target residence through the alley in the rear of the residence.

12. On arrival in the alley, Officer Gonzales pointed to the rear of the residence at 3815 W. Diversey and said "this is the place," and everyone followed.

13. The address is not displayed on the rear of the residence at 3815 W. Diversey.

11

26. Sgt. Moreno told Guadalupe that he believed they had the right house, but there was a problem in the paperwork.

27. Sgt. Moreno and one or two other officers then went to 3811 W. Diversey and spoke to the owner of that building.

28. Based on that conversation, the officers determined that 3815 W. Diversey was the residence that was to be searched, and that a clerical error was made on the complaint for search warrant and the search warrant itself.

These facts were properly supported in Defendants' opposition to summary judgment and were not stricken by the Court. (*See* Dkt. No. 72, Defs.' L.R. 56.1 Stmt. of Add'l Facts ¶¶ 10, 11, 12, 13, 26, 27, 28.) These facts also are undisputed because Plaintiffs failed to respond to Defendants' additional statement of facts, and any dispute Plaintiffs had concerning identical facts submitted in support of Defendants' motion for summary judgment did not directly address the fact submitted by Defendants and so did not properly place the fact in dispute. (*See* Dkt. No. 74, Pls.' Resp. to Defs.' L.R. Stmt. of Facts ¶¶ 17, 18, 19, 20, 37, 45, 46.) Based on the above facts, a jury could reasonably conclude that the building identified by Defendant Gonzales at the time the team assembled to execute the search warrant was the actual target of the warrant even though the address listed on the warrant was 3811 West Diversey. Arguably, a jury also could conclude that the target of the warrant was 3811 West Diversey and that Defendants mistakenly entered Plaintiffs' home. But taking the facts and inferences in Defendants' favor, as the Court must on Plaintiffs' motion for summary judgment, Defendants created a disputed issue of fact concerning whether 3815 West Diversey was the actual target of the search warrant and thus whether the team executing the warrant was able to properly identify the target despite the technical error in description on the warrant.

> **B.     When Viewed In A Light Most Favorable To Defendants, A Jury Could Find From The Facts Submitted By Defendants That "3815" Was Not Clearly Marked On The Front Of Plaintiffs' Residence.**

In its Memorandum Opinion and Order, the Court found that no dispute existed

12

concerning whether the numbers "3815" were clearly marked on the front of Plaintiffs' home and that, as a result, "the officers failed to make a reasonable effort to ensure that they were searching the correct home." (Dkt. No. 87, 10/3/2011 Mem. Op. & O. at 8-9.) Because Defendants established a disputed issue of fact concerning whether 3815 West Diversey was the actual target of the search warrant, Defendants maintain that the actual address of Plaintiff's residence, and whether those numbers appeared on the front of their home, is immaterial to the analysis before the Court. Even so, in their Local Rule 56.1 statement of additional facts, Defendants submitted the following facts concerning whether "3815" was clearly marked:

> 20. Shortly after the officers made entry, Officer Lopez called Sgt. Moreno on the radio and asked him to come out front.
>
> 21. Sgt. Moreno went out the front door.
>
> 22. Officer Lopez pointed out to Sgt. Moreno that the address on the residence was 3815 W. Diversey, not 3811 W. Diversey as listed on the search warrant.

(*See* Dkt. No. 72, Defts.' L.R. 56.1 Stmt. of Add'l Facts ¶¶ 20, 21, 22.) The deposition testimony of Defendant Moreno was submitted in support of the statement in paragraph 22 and was included with Defendants' submissions in opposition to summary judgment. The deposition testimony provides:

> Q. Did you go out the front door?
>
> A. Yes.
>
> Q. What happened when you got out there?
>
> A. [Officer Lopez] told us that based on the address of the other houses, that that would not be – what's the address –
>
> Q. We're talking about 3811 West Diversey and 3185 –
>
> A. She said based on the numbers, it would not be 3811 where we're at.
>
> Q. Did she say anything else?

13

>    Mr. Boulahanis: And, for the record, just to be clear, 3811 is the number on the search warrant and 3815 is the house that you were in.
>
>    Ms. Nicholas: That's agreed.
>
>    Witness: Correct.
>
>    She told me it would not be 3811. So I looked and she pointed out the address next door. It would not be 3811.

(*See* Ex. C to Defts.' L.R. 56.1 Stmt. of Add'l Facts at 51:18-52:12.)[5] Thus, although the statement in paragraph 22 could be read to mean that the numbers 3815 appeared on the front of Plaintiffs' residence, the underlying testimony shows that the numbers were not, in fact, clearly marked on the building. Instead, Defendants Lopez and Moreno had to look at the numbers on other buildings to determine the address of Plaintiffs' home.

In its Memorandum Opinion and Order, the Court struck Defendants' response to paragraph 23 of Plaintiffs' Local Rule 56.1 statement of facts. That statement of fact provided: "In June 2009, Plaintiffs' home had large numbers on the front door indicating that the address was '3815.'" The fact therefore is admitted for purposes of summary judgment. Nevertheless, whether "3815" was clearly marked on the front of Plaintiffs' home on June 9, 2009, remains in dispute because a reasonable inference can be drawn from Defendant Moreno's deposition testimony that Plaintiffs put the house numbers on their residence, in a manner that could be clearly seen, after their encounter with Defendants. Such an inference is not inconsistent with an admission that Plaintiffs' home had 3815 on the front door "in June 2009" because Plaintiffs' encounter with Defendants occurred early in the month of June and a jury could reasonably conclude that, following the encounter, Plaintiffs took steps to clearly display the numbers on

---

[5] The citation in paragraph 22 of Defendants' L.R. 56.1 statement of additional facts was only to Ex. C at 52:1-53:5. However, the entire excerpt as quoted and cited above was provided to the Court in Exhibit C to Defendants' L.R. 56.1 statement of additional facts.

14

their home. Defendants were entitled to this inference during the Court's consideration of Plaintiff's motion for summary judgment.

### Conclusion

For the foregoing reasons, Defendants respectfully request that the Court reconsider its findings (i) that Defendants failed to create a disputed issue of fact concerning whether the residence at 3815 West Diversely was the actual target of the search warrant, and (ii) that no dispute exists concerning whether the numbers "3815" were clearly marked on the front of Plaintiffs' home. Defendants also request that the Court vacate its ruling in favor of Plaintiffs and against Defendants on Plaintiffs' motion for summary judgment and allow this case to proceed to trial on Plaintiffs' unlawful search claim.

Respectfully submitted,

/s/ S. Ann Walls

Andrew M. Hale
Avi T. Kamionski
Jonathan M. Boulahanis
S. Ann Walls
Andrew M. Hale & Associates, LLC
53 W. Jackson Boulevard
Suite 1800
Chicago, Illinois 60604
(312) 341-9646